DAMGAARD, Respondent, v. SOUTH DAKOTA BENEVO-
LENT SOCIETY, Appellant.

(254 N. W. 924.)

(File No. 7634. Opinion filed June 1, 1934.)

*Bruell & Henderson,* of Redfield, for Appellant.
*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

CAMPBELL, J. Defendant is an assessment life insurance company incorporated under the laws of this state. On October 30, 1932, plaintiff and his wife each applied for membership in defendant company, paying the required fee of $2.50 and executing a written application for insurance reciting in part as follows:

"I * * * certify * * * that I am in good health. That I have no ailment that I know of that will shorten my natural life. I make this application with the understanding that should it be proven false, I will be deprived of the benefits of this society."

Defendant accepted said applications and on November 1, 1932, executed and delivered to each applicant its assessment contract, agreeing to pay to the named beneficiary in case of death of the insured the sum of $1,000. Plaintiff was named as beneficiary in the contract covering his wife. The wife died on December 26, 1932, the cause of her death being a heart ailment known as endocarditis, and plaintiff brought the present action to recover upon the contract insuring her life. Defendant, inter alia, pleaded fraud, alleging that the deceased was not in good health at the time of making the application, as both she and plaintiff, her beneficiary, well knew, but was in fact then suffering from the chronic heart ailment which a month and twenty-six days later caused her death.

The issues coming on for trial with a jury, plaintiff prevailed, and from the judgment and a denial of its application for new trial defendant has now appealed.

There is much argument as to whether or not the above-quoted statements contained in the application constitute warranties or are representations only. We think we need not decide that question in this case. Appellant company did not require medical examination but issued its contract upon the application. The application of decedent was made with the full knowledge, and in the presence of her beneficiary, the respondent. The evidence shows beyond question that the deceased had been afflicted with endocarditis for more than a year prior to her death and had been taking medicine for her heart intermittently at least during that time. Just a week prior to making the application she had been in bed and had been attended by a physician. We cannot avoid the conclusion that both deceased and respondent at the time the application in question was made, well realized that the deceased was not in good health and the representation to that effect in the application, even if it did not constitute a warranty, was knowingly false. To permit respondent to recover, under all the circumstances shown by this record, would be to sanction a fraud upon the appellant.

Appellant's motion for judgment notwithstanding the verdict should have been granted, and the judgment appealed from is reversed and the cause remanded with directions for the entry of judgment accordingly.

All the Judges concur.